IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND C. BURKART, JR. and SHERIE BURKART, | § § § | |
| Plaintiffs–Appellants, | § § | CIVIL ACTION NO. |
| v. | § § | 3:08-CV-0678-K |
| JAMES RICK WILLIAMSON and ELAINE WILLIAMSON, | § § § | |
| Defendants–Appellees. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from the bankruptcy court's orders denying a motion to enlarge time to serve process and granting the Debtors' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) entered in Adversary No. 07-03282 on March 12, 2008.  Also before the Court is Appellants' Motion to Supplement and Amend Record on Appeal (Doc. No. 6).  The Court **GRANTS** the motion, and the record on appeal is supplemented accordingly.

This Court reviews the bankruptcy court's conclusions of law under a *de novo* standard, findings of fact under a clearly erroneous standard, and mixed questions of fact and law under a *de novo* standard.  *See In re National Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

On appeal, Appellants ask this Court to reverse the bankruptcy court's order and reinstate the above captioned adversary proceeding.  The bankruptcy court determined

that Plaintiffs-Appellants failed to comply with the service requirements of Federal Rule of Bankruptcy Procedure 7004 and granted Debtors' motion to dismiss. The bankruptcy court in its discretion further declined to grant the Plaintiffs "a second bite of the apple" to enlarge the time to serve process.

Appellants' issues on appeal all center on service to the bankruptcy debtors pursuant to Rule 7004. Federal Rule of Civil Procedure 4(m), made applicable by Federal Rule of Bankruptcy Procedure 7004, mandates that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . *must dismiss* the action without prejudice. . . ." Fed. R. Civ. P. 4(m) (emphasis added). "But if the plaintiff shows *good cause* for the failure, the court must extend the time for service for an appropriate period." *Id.* (emphasis added).

Under Rule 4(m), the plaintiff bears the burden of showing good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). Even if no good cause is shown, a court in its discretion may extend the time for service.

The bankruptcy court held a hearing on the two motions at issue, a proceeding at which it could directly assess Appellants' credibility. *See Matter of Young*, 995 F.2d 547, 548 (5th Cir. 1993) (stating a reviewing court should be "particularly mindful of

the opportunity of the bankruptcy judge to determine the credibility of the witnesses") (quoting Rule 8013).  At the hearing, Mr. Burkart, an attorney licensed in Louisiana who was representing his own interests here pro se, attempted to blame Hurricane Katrina in 2005 for poor mail service more than two years later.  Further, the transcript shows Mr. Burkart admitted under oath that he served the Debtors outside the 120-day window, but argued that it should be excused because of "good faith."  The bankruptcy court found no evidence that the Debtors were dodging service and found Burkart to be a sophisticated litigant who ought to be bound by the clear deadlines in the federal rules.  The bankruptcy court further found public policy weighed for the Debtors, who "are entitled to a fresh start and to a discharge within a prompt period in their bankruptcy case."

The fact, to which Appellants admit, is that the Debtors were never served within the mandated 120-day time period.  It is apparent to the Court that Appellants have shown no cause, good or otherwise, for this failure.  Mr. Burkart's only excuse appears to be his own misunderstanding or misapplication of the rules.

Further, Appellants' attempt to create a constitutional due process issue is unfounded. The bankruptcy rules are procedural rules designed to *protect* the due process rights of individuals.  A Rule "[p]rescribing the manner in which a defendant is to be notified that a suit has been instituted against him . . . relates to the 'practice and procedure of the. . . courts'" and so complies with the requirement of the Bankruptcy

Rules Enabling Act (28 U.S.C. § 2075) that it "shall not abridge, enlarge or modify any substantive right." *Hanna v. Plumer*, 380 U.S. 460, 464 (1965). A court following the precise textual dictates of the federal rules simply creates no due process violation.

After review of the bankruptcy court record, the briefs of the parties, and the applicable law, the Court concludes that the bankruptcy court's determination was correct. The decision of the bankruptcy court is **AFFIRMED**. The Clerk is hereby directed to prepare, sign and enter the judgment pursuant to Bankruptcy Rule 8016(a).

**SO ORDERED**.

March 26th, 2009.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE